1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JUSTIN NOEL BURNS,                             )
                                              )
                    Petitioner,                )          2:12-cv-01457-GMN-GWF
                                              )
vs.                                           )
                                              )          ORDER
SHERIFF DOUGLAS GILLESPIE,  et al.,            )
                                              )
                    Respondents.               )
_____/

       The petitioner has presented the Court with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has paid the filing fee.  Additionally, the clerk has issued summonses as to Douglas Gillespie, as to the Attorney General for the State of Nevada, as to District Attorney Steven Wolfson, and as to U.S. Attorney Russell Marsh.  The summonses for the sheriff and for the state attorney general have been executed.

       Rrom the face of the petition, it appears that petitioner is in the custody of the Clark County Sheriff awaiting trial. He is represented by Kristine Kuzemka, a public defender.  Petitioner avers that the state court gave Ms. Kuzemka time to file a petition for writ of habeas corpus, but no petition was filed.  Thereafter, petitioner's mother attempted to file a habeas petition on petitioner's behalf in the "Federal Court of Mississippi", which was dismissed without prejudice.  Petitioner contends that he is bringing the instant petition because his public defender has been ineffective and because he is being held unlawfully in Las Vegas, Nevada.  Petition, p. 3.  Petitioner alleges unlawful extradition, malicious abuse of legal process, willful misrepresentation of material facts and evidence, racial discrimination, and numerous violations of his rights under the United States Constitution and laws. *See* Petition, p. 4.

       The statement of facts presented in the petition outline a series of events commencing

1    in 2010 and resulting in petitioner's arrest and extradition from Mississippi to Nevada.  Petitioner

2    outlines numerous technical deficiencies he finds in the various orders, warrants, and orders from the

3    state courts, as well as alleging unethical behavior or poor performance on the part of his state public

4    defender.   Petitioner seeks immediate release from detention, mental health evaluation and

5    hospitalization, a press release clearing his name and expungement of the criminal proceedings

6    pertaining to "this matter."

7             Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court's preliminary

8    review indicates that there are at least two problems with the petition as it is presented to this Court.

9    First, petitioner is not entitled to bring his petition pursuant to 28 U.S.C. § 2254 because he is not in

10   custody  pursuant to the judgment of a state court.  Here, petitioner has apparently not been convicted

11   of a crime.  Rather, he has been arrested, extradited, and detained to stand trial.

12            Second, even if the Court construes the petition of this pro se petitioner liberally, and

13   converts the petition to one being brought under 28 U.S.C. § 2241, the petition may not proceed before

14   this Court until petitioner has exhausted his state court remedies.  *Braden v. 30th Judicial Circuit Court*

15   *of Kentucky,* 410 U.S. 484, 489-91, 93 S.Ct. 1123 (1973);*Carden v. State of Mont.,* 626 F.2d 82, 83 (9th

16   Cir. 1980).   To exhaust a claim, petitioner must have "fairly presented" that specific claim to the

17   Supreme  Courts  of  Nevada or Mississippi.  *See  Picard  v.  Conner*, 404 U.S. 270,275-76 (1971);

18   *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1344 (9th Cir. 1984).

19            A federal court cannot hear a mixed petition that contains both exhausted and

20   unexhausted claims for habeas corpus relief.  *Rose v. Lundy*, 455 U.S. 509, 521-22 (1982);  *Szeto v.*

21   *Rusen,* 709 F.2d 1340, 1341 (9th Cir. 1983).  If a single one of the claims in the petition is unexhausted,

22   therefore, the Court is obliged to dismiss the petition for lack of exhaustion.  After reviewing the petition

23   in this case, it appears to the Court that all of petitioner's claims may be unexhausted.

24            According to the face of the petition, none of the claims have been presented in either of

25   the state's courts.  *See* Petition, p. 3, Section 4: Exhaustion of Remedies.  If this information is

26   inaccurate, then petitioner should file an amended petition showing when and how he exhausted his

1  stated grounds for relief.

2      **IT IS THEREFORE ORDERED** that petitioner shall have thirty (30) days in which to

3  file an amended petition showing when and how he exhausted the stated grounds for relief.  Petitioner's

4  failure to comply in a timely manner will result in the dismissal of his petition.  Petitioner is advised that

5  the Court must dismiss the within petition if petitioner is unable to demonstrate how and when he fully

6  exhausted all claims for relief in his petition.

8      Dated this 30th day of August, 2012.

10 _____
    Gloria M. Navarro
11  United States District Judge