**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JUSTIN NOEL BURNS, | ) | |
| | ) | |
| Petitioner, | ) | 2:12-cv-01457-PMP-GWF |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| SHERIFF DOUGLAS GILLESPIE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

In this habeas action, the petitioner was directed to file an amended petition demonstrating that he had exhausted his state court remedies. On September 10, 2012, an amended petition (ECF No. 19) was filed on petitioner's behalf by his mother, Betty Kincaid. Additionally, Ms. Kincaid has filed, on petitioner's behalf, a Petition for Court Ordered Admission Following Previous Emergency Admission at a Mental Health Facility (ECF No. 11) and a Petition for Appointment of Conservator (ECF No. 12). Respondents have filed no response to these petitions.

From the face of the original petition, it appeared that petitioner is in the custody of the Clark County Sheriff awaiting trial. The Amended Petition merely restates the factual history already outlined in the original petition, but notes that a state court petition has since been filed.It does not

1  demonstrate that the claims have been addressed by that court or by the Nevada Supreme Court as
2  required to exhaust.

3  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court's preliminary
4  review indicates that the two problems with the original petition as it is presented to this Court remain
5  unresolved. First, petitioner is not entitled to bring his petition pursuant to 28 U.S.C. § 2254 because
6  he is not in custody pursuant to the judgment of a state court. Here, petitioner has apparently not been
7  convicted of a crime. Rather, he has been arrested, extradited, and detained to stand trial.

8  Second, the claims presented remain unexhausted, even if a petition has been filed in the
9  state district court. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-91, 93 S.Ct.
10 1123 (1973);*Carden v. State of Mont.,* 626 F.2d 82, 83 (9th Cir. 1980). To exhaust a claim, petitioner
11 must have "fairly presented" that specific claim to the Supreme Court of Nevada. *See Picard v.*
12 *Conner*, 404 U.S. 270, 275-76 (1971); *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1344 (9th Cir. 1984).
13 This action and the amended petition is premature and must be dismissed.

14 Because the petition must be dismissed, the other pending motions (ECF Nos. 11 and 12)
15 shall be denied as moot.

16 **IT IS THEREFORE ORDERED** that the Amended Petition (ECF No. 19) is
17 **DISMISSED WITHOUT PREJUDICE.**

18 **IT IS FURTHER ORDERED** all pending motions (ECF Nos. 11 and 12) are **DENIED**
19 **AS MOOT.**

20 The Clerk shall enter judgment accordingly.

22 Dated this 2nd day of January, 2013.

UNITED STATES DISTRICT JUDGE

-2-